IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARC NORFLEET #20020085357, )
)
        Plaintiff, )
)
v. ) No. 05 C 898
)
SEVENING #8082, et al., )
)
        Defendants. )

## MEMORANDUM ORDER

Marc Norfleet ("Norfleet"), a periodic litigator in the federal court system, has just submitted a new 42 U.S.C. §1983 ("Section 1983") Complaint against a corrections officer (described as "Sevening #8082") employed by the Cook County Sheriff and Cook County ("County"), asserting a violation of Norfleet's constitutional rights. As required by 28 U.S.C. §1915[1] Norfleet has accompanied his Complaint with a filled-out form of In Forma Pauperis Application ("Application"), together with a printout that reflects the transactions in his trust fund account at the Cook County Department of Corrections ("County Jail") from August 15, 2004 through January 27, 2005.

This Court has conducted the preliminary screening called for by Section 1915A(a). Although the allegations of the Complaint are not entirely clear to this Court (for example, it does not know the meaning of the term "S.O.R.T escort," used

---

    [1] All further references to Title 28's provisions will simply take the form "Section--."

repeatedly in the course of Norfleet's allegations), it does not appear that his claim is either "frivolous" or "malicious" or "fails to state a claim upon which relief may be granted" (see Section 1915A(b)). In addition, Norfleet asserts that he has exhausted his administrative remedies, a precondition to suit under 42 U.S.C. §1997e(a), and for the present this Court accepts that representation.[2]

There is one exception to what has been said as to the Section 1915A(b) standards: County is not a proper defendant, for the responsibility for training and discipline of persons such as defendant Sevening rests with Sheriff Michael Sheahan rather than County. Hence Norfleet will not be permitted to pursue this action against County, which this Court dismisses sua sponte as a defendant.

To turn to the Application, because it shows that Norfleet cannot pay the $250 filing fee at this time, he is granted leave to proceed with this action without the full <u>prepayment</u> of that fee. But pursuant to Section 1915(b)(1) he is obligated to pay that entire fee in installments. This Court has made the statutorily-required calculation in that respect, and it finds that the average monthly deposits to Norfleet's trust fund account during the six-month period preceding filing (see Section

---

[2] No finding is made in that respect, however, and if a defendant or defendants hereafter makes a showing to the contrary this Court will take a fresh look at the matter.

2

1915(b)(1)(A)) amounted to $40.55. Accordingly, Norfleet is assessed an initial partial filing fee of 20% of that amount ($8.11), and the County Jail trust fund officer is ordered to collect that partial filing fee from Norfleet's trust fund account there as soon as the account reaches that level, and to pay it directly to the Clerk of Court ("Clerk").

After such payment, the trust fund officer at County Jail (or at any other correctional facility where Norfleet may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $250 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Norfleet's name and the 05 C 898 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 17, 2005